IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK L. ROSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No. 21-825 (MN) |
| ) | |
| ROBERT MAY, Warden, and ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**<u>MEMORANDUM ORDER</u>**

At Wilmington, this 20th day of January 2022:

Petitioner is proceeding *pro se* with a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 3). In September of 1981, a Delaware Superior Court jury convicted Petitioner of first degree murder, conspiracy to commit murder, and possession of a deadly weapon. The Superior Court sentenced him to life in prison on March 12, 1982. (D.I. 1 at 1). The Delaware Supreme Court affirmed Petitioner's convictions and sentence on September 11, 1984, and the United States Supreme Court denied his petition for writ of certiorari on January 21, 1985. (D.I. 1 at 2; D.I. 1-1 at 2).

On November 27, 2019, Petitioner filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Rule 61 motion raised several issues concerning the jury instructions provided at his trial. *See Ross v. State*, 235 A.3d 727 (Table), 2020 WL 3816806, at *1 (Del. July 7, 2020). On February 17, 2020, the Superior Court denied the Rule 61 motion as time-barred because: (1) the version of Rule 61 in effect at the time of Petitioner's conviction required such motions to be filed within three years of sentencing; and (2) Petitioner filed his Rule 61 motion "more than 37 years after

sentence was imposed." (D.I. 1-1 at 3). The Delaware Supreme Court affirmed that decision on July 7, 2020. (D.I. 1-1 at 4).

Petitioner filed the instant Petition on June 7, 2021. (D.I. 1). The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244. AEDPA imposes a one-year period of limitation on the filing of habeas petitions and effectively precludes petitioners from filing a second or subsequent habeas application except in the most unusual of circumstances. *See* 28 U.S.C. § 2244(b); 28 U.S.C. § 2244(d)(1); *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). AEDPA's limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1). When, as here, a petitioner's judgment of conviction became final prior to AEDPA's effective date of April 24, 1996, he benefits from a one-year grace period for timely filing habeas petitions, thereby extending the filing period through April 23, 1997.[1] *See McAleese*

---

[1] Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used

2

*v. Brennan*, 483 F.3d 206, 213 (3d Cir. 2007); *Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004). Thus, Petitioner had until April 23, 1997 to timely file his Petition.

The Court's preliminary screening of the Petition pursuant to Habeas Rule 4 indicates that the Petition is untimely. AEDPA's limitations period, however, is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). Because Petitioner filed his first Rule 61 motion approximately twenty-two years after his conviction became final, Petitioner's Rule 61 motion did not statutorily toll the limitations period. Consequently, the only way for the instant Petition to be deemed timely filed is if equitable tolling applies.

Equitable tolling is appropriate in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will warrant equitable tolling only if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Specifically, "if the person seeking equitable tolling has not exercised reasonable

April 24, 1997, rather than April 23, 1997, as the cut-off date," *Douglas*, 359 F.3d at 261 n.5 (citing Fed. R. Civ .P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit. In the present situation, however, Petitioner filed his petition well-past either cut-off date, rendering the one-day difference immaterial.

3

diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir.2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir.2008).

When addressing the timeliness of his Petition, Petitioner argues that, although there was "no Delaware case law [. . .] concerning lesser-included offense jury instructions" when he was convicted, now there is an "abundant amount" of caselaw stating that lesser included offense instructions are not time barred. (D.I. 1 at 13). This somewhat incomprehensible argument does not address the untimeliness of the Petition but rather appears to be an extension of Petitioner's substantive argument as to why he believes the jury instructions were improper. In other words, Petitioner does not address the time period relevant to the equitable tolling determination, *i.e.*, the period from April 24, 1997 to June 7, 2021.

THEREFORE, IT IS HEREBY ORDERED in the interests of justice that, on or before February 22, 2022, Petitioner shall show cause why his Petition should not dismissed as untimely under 28 U.S.C. § 2244(d)(1). In his response, Petitioner shall state with specificity any facts that may entitle him to equitable tolling of the statute of limitations and why his habeas Petition should not be dismissed as time-barred. The Clerk shall send a copy of this Memorandum and Order to Petitioner at his address on record.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Court Judge