IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK L. ROSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No. 21-825 (MN) |
| ) | |
| ROBERT MAY, Warden, and ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| DELAWARE, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Frank L. Ross, James T. Vaughn Correctional Center, Smyrna, Delaware. *Pro Se* Petitioner.

April 19, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Petitioner is proceeding *pro se* with a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1). On January 20, 2022, the Court entered a Memorandum and Order directing Petitioner to show cause why his Petition should not be dismissed as time-barred. (D.I. 3). Petitioner has not responded. For the following reasons, the Court will dismiss the Petition as time-barred, and will deny Petitioner a certificate of appealability.

I.  **BACKGROUND**

In September 1981, a Delaware Superior Court jury convicted Petitioner of first degree murder, conspiracy to commit murder, and possession of a deadly weapon. Petitioner was sentenced to life in prison on March 12, 1982. (D.I. 1 at 1). The Delaware Supreme Court affirmed Petitioner's convictions and sentence on September 11, 1984, and the United States Supreme Court denied his petition for writ of certiorari on January 21, 1985. (D.I. 1 at 2; D.I. 1-1 at 2).

On November 27, 2019, Petitioner filed in the Delaware Superior Court his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 1-1 at 3). The Rule 61 motion raised several issues concerning the jury instructions provided at Petitioner's trial. *See Ross v. State*, 235 A.3d 727 (Table), 2020 WL 3816806, at *1 (Del. July 7, 2020). On February 17, 2020, the Superior Court denied the Rule 61 motion as time-barred because: (1) the version of Rule 61 in effect at the time of Petitioner's conviction required such motions to be filed within three years of sentencing; and (2) Petitioner filed his Rule 61 motion "more than 37 years after sentence was imposed." (D.I. 1-1 at 3). The Delaware Supreme Court affirmed that decision on July 7, 2020. *See Ross*, 2020 WL 3816806, at *1.

Petitioner filed the instant Petition on June 7, 2021. (D.I. 1). The Petition asserts the following grounds for relief: (1) the trial court violated state and federal law by not providing the requested lesser-included-offense jury instruction on second degree murder; (2) the trial court

erred by not providing the requested jury instruction on extreme emotional distress or voluntary manslaughter; and (3) the trial court erred by refusing to provide the requested jury instruction on duress and coercion. (D.I. 1 at 5-8).

## II.  LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 ("AEDPA") imposes a one-year period of limitation on the filing of habeas petitions and effectively precludes petitioners from filing a second or subsequent habeas application except in the most unusual of circumstances. *See* 28 U.S.C. § 2244(b); 28 U.S.C. § 2244(d)(1); *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). AEDPA's limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1). When a petitioner's judgment of conviction became final prior to AEDPA's effective date of April 24, 1996, the petitioner benefits from a one-year grace period for timely filing habeas petitions, thereby extending the filing period through April 23, 1997.[1] *See McAleese*

---

[1] Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not

2

*v. Brennan*, 483 F.3d 206, 213 (3d Cir. 2007); *Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004). AEDPA's limitations period is subject to statutory and equitable tolling, which, when applicable, may extend the filing period. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021) (actual innocence exception).

### III. DISCUSSION

Petitioner's judgment of conviction became final on January 21, 1985, the date on which the Supreme Court denied his petition for writ of certiorari. As Petitioner's conviction became final prior to AEDPA's effective date, he had until April 23, 1997 to timely file his federal habeas Petition. Petitioner filed the instant Petition on June 7, 2021, approximately 24 years too late. As a result, the Petition is time-barred and should be dismissed, unless statutory or equitable tolling apply or Petitioner makes a gateway showing of actual innocence.

#### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). An untimely post-conviction motion is not considered to be properly filed for § 2244(d)(2) purposes.

---

April 23, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," *Douglas*, 359 F.3d at 261 n.5 (citing Fed. R. Civ .P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit. In the present situation, however, Petitioner filed his petition well-past either cut-off date, rendering the one-day difference immaterial.

3

*See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (explaining that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)).  The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id*. at 424.  The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion.  *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Statutory tolling is unavailable in this case.  Petitioner's filed his first Rule 61 motion in the Delaware Superior Court on November 27, 2019.  That Rule 61 motion, however, does not constitute a "properly filed" motion for collateral relief under § 2254(d)(2) because: (1) the Superior Court dismissed it as untimely; and (2) it was filed long after AEDPA's one-year statute of limitations expired on April 23, 1997.  Therefore, the instant Petition is time-barred absent some basis for equitable tolling or a gateway showing of actual innocence.

### B.     Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50.  With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect.  *Id.* at 651-52.  As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011).  An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or

nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Specifically, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir. 2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir. 2008).

Petitioner did not respond to the Court's Memorandum and Order to Show Cause, and his Petition does not assert that any extraordinary circumstance prevented him from timely filing the instant Petition. Moreover, Petitioner's 21-year delay in filing his first Rule 61 motion and his 24-year delay in filing the instant Petition demonstrate a lack of reasonable diligence on his part. Even if the Court liberally construes Petitioner's assertion that there was an absence of caselaw "concerning lesser-included offense jury instructions" when the Delaware Supreme Court affirmed his convictions as an attempt to explain his delay in pursuing the instant arguments, the attempt is unavailing. The case Petitioner presumably cites to demonstrate the emergence of new caselaw supporting his argument – *State v. Cox*, 851 A.2d 1269 (Del. 2003)[1] – was decided in 2003. Ignoring the issue of whether *Cox* actually supports Petitioner's argument, the Court notes that Petitioner still waited 16 years after *Cox* was decided to file a Rule 61 motion or federal habeas petition. In other words, Petitioner's reliance on *Cox* does not help him establish the requisite reasonable diligence required to justify equitable tolling.

---

[1] According to Petitioner, *Cox* "says [a] lesser-included offense instruction is NOT timebarred." (D.I. 1 at 13-14) (emphasis in original).

Finally, to the extent Petitioner's late filing of the Petition was due to his own ignorance of the law or the result of his miscalculation regarding the one-year filing period, such factors do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). For all of these reasons, the Court concludes that that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented.

### C.     Actual Innocence

A credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F. 4th at 150-151. A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151. The Supreme Court and the Third Circuit have not defined "new evidence" in the context of the actual innocence gateway. In dicta, however, the Third Circuit has "suggested that new evidence generally must be newly discovered." *Reeves v. Fayette SCI*, 897 F.3d 154, 164 (3d Cir. 2018). The Supreme Court and the Third Circuit also have not articulated a specific standard for determining whether new innocence-gateway evidence is reliable, but they have provided helpful guideposts. Broadly, three examples of reliable evidence are "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Here, Petitioner does not assert that he has "newly discovered" "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" of his innocence. *See id*. Therefore, Petitioner has not established a convincing gateway claim of actual innocence sufficient to excuse his untimely filing.

Accordingly, the Court will dismiss the Petition as time-barred.

### IV. <u>CERTIFICATE OF APPEALABILITY</u>

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that the instant Petition is time-barred, and is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

### V. <u>CONCLUSION</u>

For the reasons stated, the instant Petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability. An appropriate Order shall issue.